## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick Berry, Henrietta Brown, Nadine Little, Dennis Barrow, Virginia Roy, Joel Westvig, Emmett Williams, *on behalf of themselves and a class of similarly-situated individuals*; and ZACAH, <br><br> Plaintiffs, <br><br> vs. <br><br> Hennepin County; Hennepin County Sheriff David Hutchinson, *in his individual and official capacity*; City of Minneapolis; Minneapolis Mayor Jacob Frey, *in his individual and official capacity*; Minneapolis Chief of Police Medaria Arradondo, *in his individual and official capacity*; Superintendent of the Minneapolis Park and Recreation Board Al Bangoura, *in his individual and official capacity*; Park Police Chief at the Minneapolis Park and Recreation Board Jason Ohotto, *in his individual and official capacity*; Police Officers John Does; and Police Officers Jane Does, <br><br> Defendants. | Civil Action No. 20-CV-02189 WMW/KMM <br><br><br> **(PROPOSED) ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** |

## RESTRAINING ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order. Having reviewed the motion and being fully advised, the Court GRANTS the Motion.

//

IT IS HEREBY ORDERED that, unless and until the Court otherwise orders, Defendants Hennepin County, Hennepin County Sheriff David Hutchinson, City of Minneapolis, Minneapolis Mayor Jacob Frey, Minneapolis Chief of Police Medaria Arradondo, Superintendent of the Minneapolis Park and Recreation Board Al Bangoura, Park Police Chief at the Minneapolis Park and Recreation Board Jason Ohotto and their agents and employees are enjoined from:

1. Clearing, sweeping, disbanding, or demobilizing encampments of homeless individuals living in public parks and other publicly-owned green space within Hennepin County;

2. Confiscating Plaintiffs' property until and unless Defendants adopt a policy that provides adequate pre-deprivation notice reasonably calculated to accurately inform Plaintiffs and members of the putative class about (i) the time, date, and location of the sweeps, with notice of at least 5 calendar days; (ii) a procedure for confiscating any property, including that any seized property be inventoried and stored in a safe place for at least 90 days so that the owner will have a reasonable opportunity to claim it; (iii) instructions on how to retrieve any confiscated property; and

3. Destroying any property belonging, or reasonably appearing to belong, to Plaintiffs and members of the putative class.

Defendants are directed to leave a notice in a prominent place for any property taken on the belief that it is abandoned, including advising where the property is being kept and when and how it may be claimed by the rightful owner.

The Court concludes that it is appropriate to waive the requirement that Plaintiffs file an injunctive bond in this instance.

SO ORDERED.

Dated this \_\_\_\_ day of _____, 2020.

_____
The Honorable

United States District Judge