UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick Berry, Henrietta Brown, Nadine Little, Dennis Barrow, Virginia Roy, Joel Westvig, Emmett Williams, *on behalf of themselves and a class of similarly-situated individuals;* and ZACAH,<br><br>              Plaintiffs,<br><br>v.<br><br>Hennepin County; Hennepin County Sheriff David Hutchinson, *in his individual and official Capacity*; City of Minneapolis; Minneapolis Mayor Jacob Frey, *in his individual and official capacity;* Minneapolis Chief of Police Medaria Arradondo, *in his individual and official capacity;* Superintendent Al Bangoura, *in his individual and official capacity*; Park Police Chief at the Minneapolis Park and Recreation Board Jason Ohotto, *in his individual and official capacity;* Police Officers John Does; and Police Officers Jane Does,<br><br>              Defendants. | Civil File No. 20-cv-02189 WMW/KMM<br><br><br>**DECLARATION OF JEREMY BARRICK IN OPPOSITION TO MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Your Declarant, Jeremy Barrick, states and affirms as follows:

1.      I am employed by the Minneapolis Park and Recreation Board (MPRB) as the Assistant Superintendent of Environmental Stewardship.  The Environmental Stewardship Division provides, among other operations, the maintenance of all MPRB parks.

2. I was on the Executive Committee overseeing the burgeoning homeless encampments in MPRB parks in the Summer of 2020. My role was to oversee the maintenance portion of the parks where encampments were located, including attempting to ensure that such parks were kept clean and sanitary for the general public. Many times my crew would advise me that park maintenance workers were subjected to human feces, used needles and threats from persons in the encampments.

3. I consulted with the MPRB's Risk and Safety Administrator regarding the safety issues facing the park maintenance workers as they cleaned the parks or assisted in cleaning after an encampment was removed or abandoned. Given the biohazards associated with abandoned property-for example, abandoned tents often had used needles in them-we determined that for the safety of employees and contractors, any abandoned property should not be touched but rather should be removed with bobcats and other small equipment movers and disposed of. We only dispose of property that had been deemed by permit holders or Community Engagement staff to be abandoned.

4. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed pursuant to 28 U.S.C. § 1746 on today's date, October 21, 2020.

                                                       s/Jeremy Barrick