UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patrick Berry, Henrietta Brown, Nadine Little, Dennis Barrow, Virginia Roy, Joel Westvig, Emmett Williams, Gina Mallek and Daniel Huiting, *on behalf of themselves and a class of similarly situated individuals*, and ZACAH,

Plaintiffs,

v.

Hennepin County; Hennepin County Sheriff David Hutchinson, *in his individual and official Capacity*; City of Minneapolis; Minneapolis Mayor Jacob Frey, *in his individual and official capacity;* Minneapolis Chief of Police Medaria Arradondo, *in his individual and official capacity;* Minneapolis Park and Recreation Board, Superintendent Al Bangoura, *in his individual and official capacity*; Park Police Chief at the Minneapolis Park and Recreation Board Jason Ohotto, *in his individual and official capacity;* Police Officers John Does; and Police Officers Jane Does,

Defendants.

Civil File No. 20-cv-02189 WMW/LIB

**ANSWER OF MPRB DEFENDANTS MINNEAPOLIS PARK AND RECREATION BOARD, AL BANGOURA AND JASON OHOTTO**

For their Answer to Plaintiffs' Class Action Amended Complaint, MPRB Defendants Minneapolis Park and Recreation Board (MPRB), Superintendent Alfred Bangoura (Bangoura) and Park Police Chief Jason Ohotto (Ohotto) (collectively "MPRB Defendants"), answer on behalf of themselves as follows:

Except for things expressly admitted, MPRB Defendants deny each and every allegation in the Complaint. With respect to the allegations contained in the introduction of Plaintiffs' Complaint, MPRB Defendants deny the allegations.

## JURISDICTION

1. Assert that no responsive answer is needed for the allegations contained in Paragraph 1.

2. Assert that no responsive answer is needed for the allegations contained in Paragraph 2.

3. Assert that no responsive answer is needed for the allegations contained in Paragraph 3.

## PARTIES

### I. ZACAH

4. With respect to the allegations contained in Paragraph 4, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

5. With respect to the allegations contained in Paragraph 5, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

6. With respect to the allegations contained in Paragraph 6, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

7. Deny the allegations contained in Paragraph 7.

8. With respect to the allegations contained in Paragraph 8, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

9. With respect to the allegations contained in Paragraph 9, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

10. With respect to the allegations contained in Paragraph 10, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

11. With respect to the allegations contained in Paragraph 11, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

## II. Dennis Barrow

12. With respect to the allegations contained in Paragraph 12, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

13. With respect to the allegations contained in Paragraph 13, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

14. With respect to the allegations contained in Paragraph 14, admit that occupants of the Powderhorn Park West encampment received notice slips stating that they had 72 hours to leave the park. Deny that the officers showed up with bulldozers and after

only 24 hours' notice. With respect to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

15. With respect to the allegations contained in Paragraph 15, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

16. With respect to the allegations in Paragraph 16, deny that a bulldozer was used at the Powderhorn Park encampment. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

17. With respect to the allegations in Paragraph 17, deny that a bulldozer was used at the Powderhorn Park encampment. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

18. With respect to the allegations in Paragraph 18, deny that a bulldozer was used at the Powderhorn Park encampment. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

19. With respect to the allegations contained in Paragraph 19, deny that Logan Park was subject to eviction. With respect to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

20. With respect to the allegations contained in Paragraph 20, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied. Upon information and belief, Defendant Barrow is no longer residing in a Minneapolis park.

21. With respect to the allegations contained in Paragraph 21, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

22. With respect to the allegations contained in Paragraph 22, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

23. With respect to the allegations contained in Paragraph 23, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

**III. Patrick Berry**

24. With respect to the allegations contained in Paragraph 24, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

25. With respect to the allegations contained in Paragraph 25, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

26. With respect to the allegations contained in Paragraph 26, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

27. With respect to the allegations contained in Paragraph 27, deny that a bulldozer was sent to Peavey Park. With respect to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

28. With respect to the allegations contained in Paragraph 28, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

29. With respect to the allegations contained in Paragraph 29, deny that the Minneapolis Park Board disbanded the Powderhorn Park West encampment on August 10, 2020. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

30. With respect to the allegations contained in Paragraph 30, admit that Minneapolis Park Police used yellow tape to close off the perimeter around the encampment. Deny that bulldozers were present during the disbandment. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

31. With respect to the allegations contained in Paragraph 31, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

32. With respect to the allegations contained in Paragraph 32, deny that the Minneapolis Park Police used chemical irritants on peaceful protestors. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

33. With respect to the allegations contained in Paragraph 33, deny that bulldozers were used to disband the encampment. Deny that encampment occupants were given "only a few minutes" to collect their personal property. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

34. With respect to the allegations contained in Paragraph 34, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

35. With respect to the allegations contained in Paragraph 35, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

36. With respect to the allegations contained in Paragraph 36, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

37. With respect to the allegations contained in Paragraph 37, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied. Upon information and belief, admit that Plaintiff Berry no longer resides in a Minneapolis park.

**IV. Henrietta Brown**

38. With respect to the allegations contained in Paragraph 38, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

39. With respect to the allegations contained in Paragraph 39, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

40. With respect to the allegations contained in Paragraph 40, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

41. With respect to the allegations contained in Paragraph 41, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

42. With respect to the allegations contained in Paragraph 42, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

43. With respect to the allegations contained in Paragraph 43, deny that bulldozers were used to disband the Peavey Park encampment. As to the remaining

allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

44. With respect to the allegations contained in Paragraph 44, deny that Minneapolis Park Board employees arrived to disband the Peavey Park encampment between 4:00 a.m. and 5:00 a.m. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

45. With respect to the allegations contained in Paragraph 45, deny that it was "pouring rain" when the Peavey Park encampment was disbanded. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

46. With respect to the allegations contained in Paragraph 46, admit that officials from the Minneapolis Park Police were on site at Peavey Park when it was disbanded. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

47. With respect to the allegations contained in Paragraph 47, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

48. With respect to the allegations contained in Paragraph 48, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

49. With respect to the allegations contained in Paragraph 49, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

50. With respect to the allegations contained in Paragraph 50, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

51. With respect to the allegations contained in Paragraph 51, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

52. With respect to the allegations contained in Paragraph 52, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

53. With respect to the allegations contained in Paragraph 53, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

54. With respect to the allegations contained in Paragraph 54, upon information and belief, admit that Plaintiff Brown is no longer residing in a Minneapolis park. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

## V. Nadine Little

55. With respect to the allegations contained in Paragraph 55, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

56. With respect to the allegations contained in Paragraph 56, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

57. With respect to the allegations contained in Paragraph 57, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

58. With respect to the allegations contained in Paragraph 58, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

59. With respect to the allegations contained in Paragraph 59, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

60. With respect to the allegations contained in Paragraph 60, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

61. With respect to the allegations contained in Paragraph 61, admit Minneapolis Park Board employees served eviction notices on Kenwood encampment occupants and that the encampment was disbanded. As to the remaining allegations, MPRB Defendants

are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

62. With respect to the allegations contained in Paragraph 62, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

63. With respect to the allegations contained in Paragraph 63, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

64. With respect to the allegations contained in Paragraph 64, deny that the Brackett Park encampment "was emptied" by the Minneapolis Park Board. Upon information and belief, admit that Plaintiff Little no longer resides in a Minneapolis park. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

65. With respect to the allegations contained in Paragraph 65, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

66. With respect to the allegations contained in Paragraph 66, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

## VI. Virginia Roy

67. With respect to the allegations contained in Paragraph 67, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

68. With respect to the allegations contained in Paragraph 68, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

69. With respect to the allegations contained in Paragraph 69, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

70. With respect to the allegations contained in Paragraph 70, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

71. With respect to the allegations contained in Paragraph 71, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

72. With respect to the allegations contained in Paragraph 72, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

73. With respect to the allegations contained in Paragraph 73, deny that Minneapolis Park Board employees disbanded, or evicted, the occupants of the Brackett Park encampment. Moreover, with respect to the other allegations contained in Paragraph

73, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

74. With respect to the allegations contained in Paragraph 74, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

75. With respect to the allegations contained in Paragraph 75, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

76. With respect to the allegations contained in Paragraph 76, deny that Minneapolis Park Board employees took steps to disband the Brackett Park encampment. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

77. With respect to the allegations contained in Paragraph 77, admit upon information and belief that Plaintiff Roy no longer resides in a Minneapolis park. As to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

78. With respect to the allegations contained in Paragraph 78, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

## VII. Joel Westvig

79. With respect to the allegations contained in Paragraph 79, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

80. With respect to the allegations contained in Paragraph 80, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

81. With respect to the allegations contained in Paragraph 81, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

82. With respect to the allegations contained in Paragraph 82, upon information and belief, deny that Plaintiff Westvig is currently residing in B.F. Nelson Park.

83. With respect to the allegations contained in Paragraph 83, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

84. With respect to the allegations contained in Paragraph 84, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

85. With respect to the allegations contained in Paragraph 85, deny that Minneapolis Park Board employees forced Plaintiff Westvig out of Loring Park. Moreover, with respect to the remaining allegations contained in Paragraph 85, MPRB Defendants are

without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

86. With respect to the allegations contained in Paragraph 86, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

87. With respect to the allegations contained in Paragraph 87, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

88. With respect to the allegations contained in Paragraph 88, admit that the Minneapolis Park Board granted a permit for the B.F. Nelson Park encampment. However, with respect to the other allegations contained in Paragraph 88, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

89. With respect to the allegations contained in Paragraph 89, admit that the permit for B.F. Nelson Park has expired. However, with respect to the other allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

90. With respect to the allegations contained in Paragraph 90, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

91. With respect to the allegations contained in Paragraph 91, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the

allegations; therefore, these allegations are denied. Upon information and belief, Plaintiff Westvig no longer resides in a Minneapolis park.

92. With respect to the allegations contained in Paragraph 92, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

93. With respect to the allegations contained in Paragraph 93, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

94. With respect to the allegations contained in Paragraph 94, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

95. With respect to the allegations contained in Paragraph 95, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

96. With respect to the allegations contained in Paragraph 96, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

97. With respect to the allegations contained in Paragraph 97, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

**VIII. Emmett Williams**

98. With respect to the allegations contained in Paragraph 98, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

99. With respect to the allegations contained in Paragraph 99, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

100. With respect to the allegations contained in Paragraph 100, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

101. With respect to the allegations contained in Paragraph 101, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

102. With respect to the allegations contained in Paragraph 102, admit that the Minneapolis Park Board disbanded the East encampment at Powderhorn Park. However, with respect to the other allegations contained in Paragraph 102, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

103. With respect to the allegations contained in Paragraph 103, affirmatively assert that the Minneapolis Park Board gave notice to persons encamped in Powderhorn Park of the impending disbandment. With respect to the rest of the allegations, MPRB

Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

104. With respect to the allegations in 104, admit that Minneapolis Park Police were present at the disbandment of the Powderhorn Park East encampment. Admit that the Minneapolis Park Police used tape to cordon off the encampment and that they gave verbal warnings to everyone within the encampment to vacate the property. Admit that failure to comply with law enforcement's warning to vacate would result in arrest. Deny that bulldozers were present to clear the encampment.

105. With respect to the allegations in Paragraph 105, deny that the Minneapolis Park Police used chemical irritants during the disbandment of the Powderhorn Park East encampment. Deny that Park Police were "aggressive" or "taunted" people. Moreover, with respect to the other allegations contained in Paragraph 105, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

106. With respect to the allegations contained in Paragraph 106, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

107. With respect to the allegations contained in Paragraph 107, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

108. With respect to the allegations in Paragraph 108, admit that the Minneapolis Park Board provided a bus to transport people to permitted encampments. Deny that

bulldozers were used to clear the encampment. With respect to the rest of the allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

109. With respect to the allegations contained in Paragraph 109, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

110. With respect to the allegations contained in Paragraph 110, deny that the Minneapolis Park Board is creating arbitrary rules to try to close the Rev. Dr. Martin Luther King, Jr. Park encampment. With respect to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

**IX. Gina Mallek**

111. With respect to the allegations contained in Paragraph 111, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

112. With respect to the allegations contained in Paragraph 112, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

113. With respect to the allegations contained in Paragraph 113, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

114. With respect to the allegations contained in Paragraph 114, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

115. With respect to the allegations contained in Paragraph 115, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

116. With respect to the allegations contained in Paragraph 116, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

117. With respect to the allegations contained in Paragraph 117, admit that the encampment at Powderhorn Park East was cleared on July 20, 2020. Deny that the Park Police arrived at 8 a.m. Deny that the Park Police drove by the encampment while telling persons to leave. With respect to the remaining allegations contained in Paragraph 117, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

118. Deny the allegations contained in Paragraph 118.

119. With respect to the allegations contained in Paragraph 119, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

120. With respect to the allegations contained in Paragraph 120, deny buses were on site to transport people to jail. With respect to the remaining allegations contained in

Paragraph 120, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

121. Deny the allegations contained in Paragraph 121.

122. With respect to the allegations contained in Paragraph 122, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

123. With respect to the allegations contained in Paragraph 123, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

124. With respect to the allegations contained in Paragraph 124, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

125. With respect to the allegations contained in Paragraph 125, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

**X. Daniel Huiting.**

126. With respect to the allegations contained in Paragraph 126, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

127. Deny the allegations contained in Paragraph 127.

128. With respect to the allegations contained in Paragraph 128, MPRB Defendants are without sufficient information to form an opinion regarding the truth or

falsity of the allegations; therefore, these allegations are denied.

129. With respect to the allegations contained in Paragraph 129, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

130. Deny the allegations contained in Paragraph 130.

131. With respect to the allegations contained in Paragraph 131, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

132. Deny the allegations contained in Paragraph 132.

133. With respect to the allegations contained in Paragraph 133, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

134. With respect to the allegations contained in Paragraph 134, admit that Hennepin County is a political subdivision of the State of Minnesota. With respect to the remaining allegations, the answering MPRB Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations, and they are therefore denied.

135. With respect to the allegations contained in Paragraph 135, admit David Hutchinson is the duly-elected Sheriff of Hennepin County. With respect to the remaining allegations, the answering MPRB Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations, and they are therefore denied.

136. With respect to the allegations contained in Paragraph 136, admit that the City of Minneapolis is a political subdivision of Hennepin County and a municipal corporation under a home-rule charter. With respect to the remaining allegations, the answering MPRB Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations, and they are therefore denied.

137. With respect to the allegations contained in Paragraph 137, admit that Jacob Frey is the duly elected mayor of Minneapolis. With respect to the remaining allegations, the answering MPRB Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations, and they are therefore denied.

138. With respect to the allegations contained in Paragraph 138, admits that Medaria Arradondo is Chief of the Minneapolis Police Department and he was appointed by former Minneapolis Mayor Betsy Hodges. With respect to the remaining allegations, the answering MPRB Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations, and they are therefore denied.

139. Admit to the allegations contained in Paragraph 139.

140. Admit to the allegations contained in Paragraph 140.

141. With respect to the allegations contained in Paragraph 141, deny that Jason Ohotto was appointed by the Mayor of Minneapolis. Deny that he is the final policymaker on all issues related to the Minneapolis Park Police Department. Admit that he enforces the State of Minnesota's criminal laws and the Minneapolis Park Board's ordinances and resolutions on Minneapolis park land. Deny all remaining allegations contained in Paragraph 141.

142. With respect to the allegations contained in Paragraph 142, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

143. With respect to the allegations contained in Paragraph 143, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

144. Deny the allegations contained in Paragraph 144.

## **CLASS ALLEGATIONS**

145. With respect to the allegations contained in Paragraph 145, deny that the Plaintiffs are entitled to class status.

146. Deny the allegations contained in Paragraph 146.

147. Deny the allegations contained in Paragraph 147.

148. Assert that the allegations contained in Paragraph 148 do not pertain to these answering MPRB Defendants; therefore, no response is required. To the extent a response is required, these answering MPRB Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations, and they are therefore denied.

149. Deny the allegations contained in Paragraph 149.

150. Deny the allegations contained in Paragraph 150.

151. Assert that the statement in Paragraph 151 is not subject to responsive pleading.

152. With respect to the allegations contained in Paragraph 152, admit that plaintiffs are entitled to any rights afforded to them by the United States and Minnesota Constitutions but specifically deny that the MPRB Defendants violated any such rights.

153. With respect to the allegations contained in Paragraph 153, admit that plaintiffs are entitled to any rights afforded to them by the United States and Minnesota Constitutions but specifically deny that the MPRB Defendants violated any such rights.

154. With respect to the allegations contained in Paragraph 154, admit that plaintiffs are entitled to any rights afforded to them by the United States and Minnesota Constitutions but specifically deny that the MPRB Defendants violated any such rights.

155. With respect to the allegations contained in Paragraph 155, admit that plaintiffs are entitled to any rights afforded to them by the United States and Minnesota Constitutions but specifically deny that the MPRB Defendants violated any such rights.

156. With respect to the allegations contained in Paragraph 156, admit that plaintiffs are entitled to any rights afforded to them by the United States and Minnesota Constitutions but specifically deny that the MPRB Defendants violated any such rights.

157. Deny the allegations contained in Paragraph 157.

158. Deny the allegations contained in Paragraph 158.

159. Deny the allegations contained in Paragraph 159.

160. Deny the allegations contained in Paragraph 160.

161. Deny the allegations contained in Paragraph 161.

162. Deny the allegations contained in Paragraph 162.

163. Deny the allegations contained in Paragraph 163.

164. Deny the allegations contained in Paragraph 164.

165. With respect to the allegations contained in Paragraph 165, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

166. Deny all allegations contained in Paragraph 166.

167. With respect to the allegations contained in Paragraph 167, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

168. With respect to the allegations contained in Paragraph 168, asserts that Executive Order 20-33 speaks for itself. Deny all remaining allegations.

169. With respect to the allegations contained in Paragraph 169, asserts that Executive Order 20-47 speaks for itself. Deny all remaining allegations.

170. With respect to the allegations contained in Paragraph 170, asserts that Plaintiffs' Exhibit 8 speaks for itself. Deny all remaining allegations.

171. With respect to the allegations contained in Paragraph 171, asserts that Executive Order 20-55 speaks for itself. Deny all remaining allegations.

172. With respect to the allegations contained in Paragraph 172, assert that the articles from Plaintiffs' cited source, the Star Tribune, speak for themselves. Deny all remaining allegations.

173. With respect to the allegations contained in Paragraph 173, assert that Resolution 2020-253 and President Cowgill's remarks in Plaintiffs' Exhibit 12 speak for themselves. Deny all remaining allegations.

174. With respect to the allegations contained in Paragraph 174, assert that Superintendent Bangoura's remarks in Plaintiffs' Exhibit 14 speak for themselves. Deny all remaining allegations.

175. With respect to the allegations contained in Paragraph 175, Plaintiffs' Exhibit 15 and Exhibit 16 speak for themselves. Deny all remaining allegations.

176. With respect to the allegations contained in Paragraph 176, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

177. With respect to the allegations contained in Paragraph 177, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

178. With respect to the allegations contained in Paragraph 178, deny that answering MPRB Defendants seized and destroyed individuals' ID and other supporting documentation. With respect to the remaining allegations contained in Paragraph 178, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

179. With respect to the allegations contained in Paragraph 179, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

180. With respect to the allegations contained in Paragraph 180, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

181. With respect to the allegations contained in Paragraph 181, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

182. With respect to the allegations contained in Paragraph 182, assert that Plaintiffs' cited sources in Exhibit 17, Exhibit 18, and Exhibit 19 speak for themselves.

183. With respect to the allegations contained in Paragraph 183, assert that Plaintiffs' Exhibit 20 speaks for itself.

184. With respect to the allegations contained in Paragraph 184, assert that Plaintiffs' Exhibit 21 and Exhibit 22 speak for themselves.

185. Deny the allegations contained in Paragraph 185.

186. With respect to the allegations contained in Paragraph 186, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

187. With respect to the allegations contained in Paragraph 187, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

188. With respect to the allegations contained in Paragraph 188, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

189. With respect to the allegations contained in Paragraph 189, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

190. Deny the allegations contained in Paragraph 190. Plaintiffs' Exhibit 23 speaks for itself.

191. With respect to the allegations contained in Paragraph 191, admit that Resolution 2020-267 was passed on July 15, 2020; this resolution overruled Resolution 2020-253; and Mayor Frey approved Resolution 2020-267 on July 20, 2020. Deny all remaining allegations contained in Paragraph 191.

192. Admit all allegations contained in Paragraph 192.

193. With respect to the allegations contained in Paragraph 193, assert that Resolution 2020-267 speaks for itself.

194. With respect to the allegations contained in Paragraph 194, assert that Resolution 2020-267 speaks for itself.

195. With respect to the allegations contained in Paragraph 195, assert that Resolution 2020-267 speaks for itself.

196. With respect to the allegations contained in Paragraph 196, assert that Plaintiffs' Exhibit 25 speaks for itself.

197. With respect to the allegations contained in Paragraph 197, assert that Plaintiffs' Exhibit 26 speaks for itself, but deny all remaining allegations.

198. With respect to the allegations contained in Paragraph 198, assert that Plaintiffs' Exhibit 27 speaks for itself, but deny all remaining allegations.

199. With respect to the allegations contained in Paragraph 199, assert that Plaintiffs' Exhibit 27-A speaks for itself. Deny the remaining allegations contained in Paragraph 199.

200. With respect to the allegations contained in Paragraph 200, admit that the answering MPRB Defendants have disbanded at least four encampments in Minneapolis parks, but deny all remaining allegations.

201. With respect to the allegations contained in Paragraph 201, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

202. Deny the allegations contained in Paragraph 202.

203. With respect to the allegations contained in Paragraph 203, assert that Plaintiffs' Exhibit 30 speaks for itself. Deny all remaining allegations.

204. With respect to the allegations contained in Paragraph 204, admit that Minneapolis Park Board employees distributed notices to encampment occupants at various parks. Assert that Plaintiffs' Exhibit 31 speaks for itself. With respect to the remaining allegations, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied.

205. With respect to the allegations contained in Paragraph 205, admit Superintendent Bangoura approved the disbandment of encampments in some Minneapolis parks.

206. With respect to the allegations contained in Paragraph 206, admit that the Minneapolis Park Board's maintenance staff used bobcats to dispose of any abandoned materials following disbandment to avoid contact with any present biohazards, hypodermic

needles, and parasites such as bedbugs. Deny all of the remaining allegations within Paragraph 206.

207. With respect to the allegations contained in Paragraph 207, admit that individuals who did not comply with the Minneapolis Park Police's several orders to vacate the Powderhorn Park encampment on August 14, 2020 were then arrested for unlawful assembly and trespassing. Deny all remaining allegations.

208. With respect to the allegations contained in Paragraph 208, MPRB Defendants are without sufficient information to form an opinion regarding the truth or falsity of the allegations; therefore, these allegations are denied. Deny that there is not adequate shelter space.

209. With respect to the allegations contained in Paragraph 209, admit that the Minneapolis Park Police did not have a warrant to seize property belonging to individuals. Affirmatively assert that they did not need a warrant. Deny that the Minneapolis Park Police seized property. Deny all remaining allegations.

210. Deny the allegations contained in Paragraph 210.

211. Deny the allegations contained in Paragraph 211.

212. Deny the allegations contained in Paragraph 212.

213. Deny the allegations contained in Paragraph 213.

214. With respect to the allegations contained in Paragraph 214, assert that Plaintiffs' Exhibit 1 and Exhibit 33 speak for themselves. Deny all remaining allegations.

215. Deny the allegations contained in Paragraph 215.

**COUNT I**

216. Deny the allegations contained in Paragraph 216.

217. With respect to the allegations contained in Paragraph 217, admit that the Plaintiffs have a constitutionally-protected right in their property, unless they abandon it.

218. Deny the allegations contained in Paragraph 218.

219. Deny the allegations contained in Paragraph 219.

**COUNT II**

220. Deny the allegations contained in Paragraph 220.

221. Deny the allegations contained in Paragraph 221.

222. Deny the allegations contained in Paragraph 222.

**COUNT III**

223. Deny the allegations contained in Paragraph 223.

224. With respect to the allegations contained in Paragraph 224, admit that the Plaintiffs have a constitutionally-protected right in their property, unless they abandon it.

225. Deny the allegations contained in Paragraph 225.

226. Deny the allegations contained in Paragraph 226.

227. Deny the allegations contained in Paragraph 227.

228. Assert that the allegations contained in Paragraph 228 call for a legal conclusion and they are therefore denied.

229. Deny the allegations contained in Paragraph 229.

230. Deny the allegations contained in Paragraph 230.

231. Deny the allegations contained in Paragraph 231.

232. Deny the allegations contained in Paragraph 232.

233. Deny the allegations contained in Paragraph 233.

234. Deny the allegations contained in Paragraph 234.

235. Deny the allegations contained in Paragraph 235.

236. Deny the allegations contained in Paragraph 236.

237. Deny the allegations contained in Paragraph 237.

238. Deny the allegations contained in Paragraph 238.

239. Deny the allegations contained in Paragraph 239.

240. Deny the allegations contained in Paragraph 240.

241. Deny the allegations contained in Paragraph 241.

242. Deny the allegations contained in Paragraph 242.

243. Deny the allegations contained in Paragraph 243.

244. Deny the allegations contained in Paragraph 244.

245. Deny the allegations contained in Paragraph 245.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint fails to state a claim upon which relief may be granted.

2. MPRB Defendants affirmatively assert that they are immune from liability in this action under the provisions of Minnesota Statute § 466.03, subd. 6 in that Plaintiffs' claims are based upon Minneapolis Park Board's employees' performance or failure to perform a discretionary function or duty.

3. MPRB Defendants affirmatively assert that they are immune from liability in this action under the provisions of Minnesota Statute § 466.03, subd. 5 in that Plaintiffs' claims are based upon the acts and/or omissions of an officer or employee, exercising due care, in the execution of a valid or invalid statute, executive order, charter, ordinance, resolution, or rule.

4. MPRB Defendants are entitled to qualified immunity.

5. Plaintiffs have failed to exhaust their administrative remedies.

6. Minnesota Statute § 466.02 serves as an adequate remedy for Plaintiffs' claims because it permits recovery for property loss due to municipal agents.

7. Plaintiffs do not have standing to bring this action. Upon information and belief, none of the plaintiffs are residing in a Minneapolis park and Plaintiff ZACAH has no standing.

8. Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional or negligent acts or the actions of those over whom these MPRB Defendants exercised no right of control and for whose actions these MPRB Defendants are not legally responsible.

9. Plaintiffs are not entitled to the relief requested.

**WHEREFORE**, the MPRB Defendants request that Plaintiffs' Complaint be dismissed with prejudice, MPRB Defendants be awarded their costs and disbursements herein, and for such other relief as the Court deems equitable and just.

Date: January 11, 2021

RICE, WALTHER & MOSLEY, LLP

*/s/ Ann E. Walther*
Ann E. Walther (# 21369X)
Brian F. Rice (# 14468X)
Alana M. Mosley (# 400188)
10 Second Street Northeast, Suite 206
Minneapolis, Minnesota 55413
(612) 676-2300
awalther@ricewalther.com
brice@ricewalther.com
amosley@ricewalther.com

***Attorneys for Minneapolis Park And Recreation Board, Superintendent Al Bangoura and Park Police Chief Jason Ohotto***